UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENT SWALLERS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:16-cv-324-JMS-MJD |
| ) | |
| INFERIOR STATE COURT, ) | |
| *49G12-1410-CM-049822,* et al., ) | |
| ) | |
| Respondents. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Brent Swallers has filed what he labels as a petition for writ of habeas corpus. It appears from the petition and supporting documents that Swallers is the defendant in a prosecution in the Marion Superior Court docketed as No. 49G12-1410-CM-49822. That prosecution is pending, at least according to the account Swallers provides. Swallers contends that the pending prosecution is infirm because "the taking of [him] into custody was without due process."

Pre-judgment habeas relief is potentially available under 28 U.S.C. § 2241(c)(3). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). "While not explicitly required by 28 U.S.C. § 2241(c)(3), the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to pretrial habeas petitions." *Blanck v. Waukesha County,* 48 F.Supp.2d 859, 860 (E.D.Wis. 1999). "The exhaustion doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief." *Id.* "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings." *Id.*

The claims Swallers asserts here can be presented and preserved in the ordinary course of the criminal proceedings in the state court, including a direct appeal in the event the petitioner is convicted. He is not permitted to circumvent the requirement that he exhaust available state court remedies.

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). In this case, it is apparent from the face of the habeas petition that Swallers has not shown either that state court remedies have been exhausted or that he should be excused from following that path in the state courts. Accordingly, the action is summarily dismissed because the habeas petition shows on its face that the petitioner is not entitled to the relief he seeks. The dismissal shall be without prejudice.

Judgment consistent with this Entry shall now issue.

## II.

Swallers' filings of February 29, 2016 have also been considered. These filings seek the entry of default against the respondents and describe contempt proceedings because the present action has not developed as Swallers' believes was required. As explained in Part I of this Entry, however, the action cannot develop and must be dismissed at this early stage. Swallers' requests in those filings are **denied.**

## III.

Swallers challenges his custody—his release on bond--pursuant to a judicial rather than an executive order. Accordingly, the court must determine whether a certificate of appealability is warranted. *Evans v. Circuit Court of Cook County,* 569 F.3d 665, 666 (7th Cir. 2009).

Pursuant to Federal Rule of Appellate Procedure 22(b), the discussion in *Evans*, and 28 U.S.C. § 2253(c)(1)(A), the court finds that the petitioner has failed to show that reasonable jurists

would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). As in *Evans,* the petitioner "certainly has not made a substantial showing of a need for federal intervention before all of his claims have been presented to the state judiciary and pursued through the usual appellate process after a final decision." 569 F.3d at 667 (citing cases). The court therefore **denies** a certificate of appealability.

    IT IS SO ORDERED.

Date: \_\_March 1, 2016\_\_

                                            Hon. Jane Magnus-Stinson, Judge
                                            United States District Court
                                            Southern District of Indiana

Distribution:

BRENT ALLEN SWALLERS
539 S. Auburn St.
Indianapolis, IN 46241